UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| RICHARD C. NELSON ) | |
| ) | |
| v. ) | 1:05-cv-125 \ 1:02-cr-151 |
| ) | *Chief Judge Curtis L. Collier* |
| UNITED STATES OF AMERICA ) | |

**MEMORANDUM**

Richard C. Nelson ("Nelson") has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Nelson contends he received ineffective assistance of counsel (Court File No. 1). For the reasons which follow, Nelson's § 2255 motion is without merit and will be **DENIED**.

Having reviewed the materials thus submitted, together with the complete record of the underlying criminal case, the Court finds they show conclusively Nelson is not entitled to relief on the claims asserted. Accordingly, the Court will decide the matter and explain the reasons Nelson's asserted grounds for relief are without merit, without an evidentiary hearing. Rule 8(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts.

**I.     28 U.S.C. § 2255 - STANDARD OF REVIEW**

This Court must vacate and set aside the sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, . . . ." 28 U.S.C. § 2255. Under Rule 8(a) of the Rules Governing Section 2255 Proceedings In The United States District Courts, the Court is to review the answer, any transcripts, and records of prior proceedings and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted.

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *Green v. Wingo*, 454 F.2d at 53; *O'Malley*, 285 F.2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts, is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959), *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996). Nelson has failed to present any facts which establish that his sentence is subject to collateral attack under § 2255.

To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994); *see also United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F.2d 1039, 1041 (6th Cir.), *cert. denied*, 439 U.S. 988 (1978). To warrant relief for a nonconstitutional error requires a showing of a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F.3d 503, 506 (6th Cir.), *cert. denied*, 517 U.S. 1200 (1996).

## II. BACKGROUND

*A.    Procedural Background*

Nelson pleaded guilty on December 4, 2003, to Count One of a twenty-two-count indictment, charging him with conspiring to distribute five (5) kilograms or more of a mixture and substance containing cocaine hydrochloride and fifty (50) grams or more of a mixture and substance containing cocaine base, in violation of Title 21, United States Code, Sections 846 and 841(a)(1) and (b)(1)(A).

Nelson's sentencing guidelines offense level was determined to be 35; his criminal history category was III; and his guideline range was calculated as 210 to 262 months imprisonment but with the statutory mandatory minimum of 20 years, the effective guideline range was 240-262. On April 23, 2004, this Court sentenced Nelson to 168 months imprisonment, eight years supervised release, and $100.00 special assessment.

Judgment was entered on April 30, 2004, and, therefore, was considered final on May 14, 2004. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) ("an unappealed federal criminal judgment becomes final ten days after it is entered"). Nelson did not pursue an appeal. On April 27, 2005, Nelson timely filed the instant § 2255 motion.

*B.    Factual Background*

As part of his plea agreement, Nelson agreed to the following facts:

During 1997 and 1998, the FBI, DEA, IRS, Hamilton County Sheriff's Department and Chattanooga Police Department conducted an extensive investigation of major cocaine traffickers operating in the Chattanooga, Tennessee area. Law enforcement authorities made several controlled purchases of cocaine and seized kilogram quantities of cocaine powder and crack cocaine from individuals involved in this activity from search warrants, automobile stops and other law enforcement efforts. Court authorized wire taps were conducted as were consensual recordings. The evidence established that Nathan Benford and others were involved in an extensive

cocaine distribution conspiracy. To date, over forty individuals have been convicted as a result of this investigation and several individuals, including Nathan Benford, have cooperated. As part of his cooperation, Nathan Benford listened to and explained to law enforcement officers the conversations which were intercepted from his cellular telephone and business telephones. He also revealed individuals with whom he was engaged in drug activity.

The evidence would establish that Richard Nelson bought kilogram quantities of crack cocaine and powder cocaine from Benford in 1997 and 1998 for redistribution in the Knoxville, Tennessee area. Most of the cocaine purchased by Nelson was crack cocaine. Benford used couriers, including Michael Talley and Ricky Grissom, to deliver the cocaine to Nelson in Knoxville. Conversations between Benford and Nelson which were intercepted pursuant to court authorized wire taps in 1998 evidenced the drug relationship between the two.

The evidence would establish that Nelson received and distributed in excess of one and one-half a kilogram of crack cocaine during the course of the conspiracy.

(Criminal Court Case 1:02-cr-151, Court File No. 190).

## III. ANALYSIS

### A. *Ineffective Assistance of Counsel*

Nelson asserts three claims against defense counsel. First he claims counsel was ineffective because he failed to argue against the application of 21 U.S.C. § 841(b). Second, he claims counsel was ineffective for failing to object to this Court's findings of facts based on the preponderance of the evidence. Last, Nelson claims counsel coerced him into pleading guilty. After a brief discussion of the applicable law, the Court will address these claims of ineffective assistance of counsel in turn.

The Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established the criteria for determining whether a Sixth Amendment claim of ineffective assistance of counsel is meritorious. The Strickland test requires that a defendant demonstrate two essential elements: (1) counsel's performance was deficient, i.e., counsel was not functioning as counsel guaranteed the defendant by the Sixth Amendment, and (2) counsel's deficient performance prejudiced the defense,

4

*i.e.*, deprived the defendant of a fair trial rendering the outcome of the trial unreliable. *Id.* at 687-88.

There is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance and that conduct cannot be viewed in hindsight, but must be evaluated for reasonableness within the context of the circumstances at the time of the alleged errors. *Strickland,* 466 U.S. at 689-90. A defendant's challenge to such decisions must overcome a presumption that

the challenged actions might be considered sound trial strategy. *McQueen*, 99 F.3d at 1311; *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994).

When a defendant challenges his guilty plea, to establish the prejudice prong, he must demonstrate that without counsel's alleged errors, he would not have pleaded guilty, but would have insisted on standing trial. *Hill v. Lockhart*, 474 U.S. 52, 56, 59 (1985). To demonstrate a reasonable probability that he would have gone to trial, a defendant is required to present evidence apart from a lone assertion that but for counsel's error he would have pleaded not guilty and gone to trial. *See Parry v. Rosemeyer*, 64 F.3d 110, 118 (3d Cir. 1995). "[R]eviewing court[s] must remember that 'counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Wong v. Money*, 142 F.3d 313, 319 (6th Cir. 1998), (*quoting Strickland v. Washington*, 466 U.S. at 690. "An error of counsel,

even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the [ultimate] judgment." *Id.* at 691.

1. *Application of 21 U.S.C. § 841(b)*

Nelson claims "[c]ounsel was ineffective for failing to object to this Court's application of

5

the recidivism of 21 U.S.C. 841(b)." (Court File No. 1). Presumably, Nelson is claiming counsel was deficient in failing to object to the application of the mandatory minimum twenty-year sentence applicable pursuant to § 841(b)(1)(A) in his case due to the drug amount and due to his prior felony drug convictions. Nelson presents no basis upon which counsel might have filed an objection. Although the government states there was a clerical error in the date of one of the prior convictions stated in the Notice to which counsel failed to object, such an error would not be grounds for avoiding the imposition of the statutory penalty. *See United States v. King*, 127 F.3d 483 (6th Cir. 1997) (statute permits the correction of clerical mistakes), *cert. denied*, 522 U.S. 1130 (1998). Nelson does not claim that he was not provided sufficient notice of the conviction. Consequently, defense counsel's failure to object to the error would not be deficient. Moreover, Nelson has not demonstrated he was prejudiced by such an omission.

The United States complied with the notice provisions required by 21 U.S.C. § 851 prior to the entry of Nelson's plea, advising him that he was subject to an enhanced penalty (Court File Nos. 95 & 96). Nelson pleaded guilty to the statutory threshold drug amount and admitted the facts supporting this plea (Court File No. 190). Nelson does not challenge the prior convictions and offers no basis upon which counsel should have objected to the enhanced penalty. To the extent Nelson is attempting to claim counsel should have objected to the enhancement because his prior convictions occurred during the time of the conspiracy, such an argument fails to offer him relief. *See United States v. Hughes*, 924 F.2d 1354, 1361-62 (6th Cir. 1991)(Hughes was convicted of conspiring, from March 1, 1988, to December 6, 1988, to possess with intent to distribute cocaine. He was previously arrested by state officials for possession of cocaine on March 4, 1988. The Sixth Circuit concluded the state felony conviction was a proper predicate for sentencing

6

enhancement within the meaning of § 841(b).); *see also United States v. Trinidad-Gonzalez*, 2007 WL 4438131, *11 (6th Cir. Dec. 17, 2007) (Applying *Hughes*, the court concluded that § 841(b) enhancement was appropriate even though the two drug-trafficking convictions occurred during the term of the alleged conspiracy).

Notwithstanding, whether counsel's failure to object was reasonable, Nelson has failed to establish prejudice under *Strickland's* second prong as modified in *Hill v. Lockhart* since he has neither alleged nor demonstrated a reasonable probability that, but for counsel's alleged deficient performance, he would not have pleaded guilty but would have insisted on standing trial. Moreover, Nelson offers no grounds to question the validity of the prior convictions, thus he has not alleged, much less demonstrated, prejudice. Additionally, Nelson was sentenced to 168 months which was below both the minimum guideline range of 210 months and the statutory mandatory minimum of 20 years. Accordingly, because Nelson has not proven either prong of the *Strickland* test, the movant's ineffective assistance of counsel claim fails.

### 2. *Preponderance of the Evidence Standard*

In his second claim, Nelson claims "[c]ounsel was ineffective for failing to object to this Court's finding of facts based on the preponderance of the evidence." Nelson directs the Court to see an attached memorandum which he failed to attach. Nelson provides no basis upon which counsel should have objected to any findings of fact by the Court at sentencing.

Even assuming *arguendo* that counsel should have raised an objection, Nelson has failed to demonstrate he suffered any prejudice. The Court presumes Nelson is claiming the Judge's fact-finding violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), wherein the Supreme Court determined that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for

a crime prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. Nelson has procedurally defaulted this claim but aside from any procedural default, there was no *Apprendi* violation in Nelson's case.

Nelson waived any *Apprendi* claim when he failed to raise the issue at his sentencing proceeding. *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000) (requiring a petitioner who had failed to raise an issue at sentencing or on appeal to show cause and prejudice for his double default). Presumably Nelson is claiming counsel's ineffectiveness is cause for his procedural default. Assuming counsels performance constitutes cause, Nelson has not demonstrated any resulting prejudice because there was no *Apprendi* violation as Nelson's sentence does not exceed the maximum statutory penalty allowed based on the facts he admitted in his guilty plea.

In calculating Nelson's Guideline range, a base offense level of 38 was applicable to the drug amount of at least 1.5 kilograms of crack cocaine as provided in the plea agreement. Consequently, the drug amount was admitted by Nelson and was not determined by a preponderance of the evidence by this Court. Additionally, the Court observes that Nelson's guideline range was 210 to 262 months with a mandatory guideline range of 240 to 262 months. The United States filed a motion for downward departure based upon Nelson's substantial assistance and he was sentenced to a term of imprisonment of 168 months, which was substantially below both his guideline range and the mandatory minimum of 240 months. There simply was no *Apprendi* error. *United States v. Murillo-Iniguez*, 318 F.3d 709, 713 (6th Cir. 2003) ("So long as the penalty does not exceed the maximum statutory penalty allowed for the offense, then *Apprendi* is not implicated."). Since Nelson has failed to demonstrate any error on the part of counsel, he has failed to demonstrate deficient performance by counsel or any resulting prejudice. Accordingly, this claim also fails.

8

*3. Coerced Guilty Plea*

Nelson claims that his guilty plea was coerced due to ineffective assistance of counsel. Nelson does not explain how counsel coerced his plea. The Court concludes, as explained below, that Nelson has not demonstrated his guilty plea was coerced. Therefore, he has failed to demonstrate defense counsel was ineffective.

"The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). The Court of Appeals for the Sixth Circuit has instructed that a defendant's sentence will not be vacated on the ground that the guilty plea was coerced where the defendant was "carefully interrogated by the trial judge with respect to the offense committed," where the defendant was represented by "competent counsel," and where the defendant "discussed the offenses freely and voluntarily and freely admitted guilt, while fully aware of [his] rights." *United States v. Parker*, 292 F.2d 2, 3 (6th Cir. 1961); *see also Warner v. United States*, 975 F.2d 1207, 1212 (6th Cir. 1992) (A defendant's "decision to lie to the district court cannot amount to prejudice.").

Rule 11, Federal Rules of Criminal Procedure requires the Court to ask the defendant certain questions which creates a record that can be relied upon to insulate the guilty plea in any future appeals and collateral attacks. *Key v. United States*, 806 F.2d 133, 136 (7th Cir. 1986). In determining whether a plea is coerced, a court considers the defendant's answers to the questions posed at his Rule 11 hearing, which carry a strong presumption of veracity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). The provisions in Rule 11 specifically seek to ensure that entry of a plea is a intelligent and voluntary act. Great care is taken when accepting pleas under Rule 11 to place

9

plea agreements on the record; ascertain the voluntariness and accuracy of the plea; provide detail advice to the defendant concerning his rights and the consequences of his plea; and to make a determination that the defendant understands these matters.

"Where the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to the court's inquiry." *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir.), *cert. denied*, 508 U.S. 943 (1993), *Baker v. United States*, 781 F.2d 85, 90 (6th Cir.), *cert. denied*, 479 U.S. 1017 (1986) (quoting *Moore v. Estelle*, 526 F.2d 690, 696-97 (5th Cir.), *cert. denied*, 426 U.S. 953 (1976)). The United States Supreme Court has explained that when the voluntariness of a guilty plea is being evaluated, courts should consider the following:

> [T]he representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

The Court scrupulously followed the Rule 11 procedure and Nelson is bound by the sworn statements he made in response to the Court's inquiry under Rule 11. *Warner v. United States*, 975 F.2d 1207, 1212 (6th Cir. 1992), *cert. denied*, 507 U.S. 932 (1993). Although the transcript of the rearraignment proceeding has not been prepared, the Court's standard procedure for accepting a plea of guilty under Rule 11 of the Federal Rules of Criminal Procedure was followed. Nelson's allegation that he entered a coerced plea is refuted by the record. His formal declarations made in person, in writing, and in open court, carry a strong presumption of truth, and stand in stark contrast to the claims he now makes. Nelson's allegation of coerced guilty plea is contradicted by the written plea agreements in this case (Crim. Case No. 1:02-cr-151, Court File No. 190) and by the Rule 11

proceedings in which Nelson acknowledged under oath that his pleas were voluntary and the district judge so found (Crim. Case No. 1:02-cr-151, Court File No. 189). The procedure in this district for taking a guilty plea includes the Court asking each defendant whether anyone threatened him or forced him to plead guilty. The minutes from the Rule 11 proceeding reflects the Court concluded Nelson's guilty plea was voluntary (Crim. Case No. 1:02-cr-151, Court File No. 189).

In light of his sworn statements to the contrary during the criminal proceedings, the Court finds his claim of coercion to plead guilty unsupported by facts, incredible, and unsupported by the record. Nelson has not presented any evidence to support his contention. "Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). Nelson's factually unsupported allegations do not raise a constitutional issue.

Therefore, Nelson is not entitled to an evidentiary hearing on this issue. If the Court were to allow an evidentiary hearing on this claim, it would undermine and eliminate the chief virtues of the plea bargain process -- speed, economy, and finality. *Blackledge*, 431 U.S. at 71-72. To permit collateral attacks on guilty pleas to be based on mere conclusive claims would make every guilty plea subject to attack under § 2255 and render the oral responses given by a defendant pursuant to Rule 11 meaningless. *Blackledge*, 431 U.S. at 74. The Court's conclusion that Nelson's plea was not coerced demonstrates counsel was not ineffective and Nelson did not suffer any prejudice.

In conclusion, Nelson, making nothing more than self-serving allegations that his pleas were

coerced, has not satisfied his heavy burden of rebutting the presumption of the declarations he made in open court. Nelson has failed to demonstrate his pleas were coerced; thus, he has failed to demonstrate counsel was deficient. Accordingly, Nelson's claim that his defense attorney was ineffective because he coerced his guilty plea must fail.

## IV. CONCLUSION

For the reasons stated above Nelson is not entitled to any relief under 28 U.S.C. § 2255 as neither his convictions nor sentencing were in violation of the Constitution or laws of the United States. Accordingly, Nelson's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 motion will be **DENIED**.

An appropriate judgment will enter.

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**